UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CALEB BOLAND, Personal Representative of the Estate of Micah Boland | * * * |
| Plaintiff, | * * |
| v. | * * |
| RODNEY BOUFFARD, individually, | * * |
| and | * * |
| MICHAEL TAUSEK, individually, | * * |
| Defendants | * |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Caleb Boland, Personal Representative of the Estate of Micah Boland, by and through his attorney, hereby complains against Defendants, Rodney Bouffard and Michael Tausek, as follows:

**JURISDICTION AND PARTIES**

1) This action arises under the Eighth Amendment to the United States Constitution; 42 U.S.C. § 1983; 18-A M.R.S. § 3-817; and 18-A M.R.S. § 2-804.

2) This Court has proper subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1343(a)(3) and (a)(4) and 28 U.S.C. § 1331.

3) Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this cause of action arose in this judicial district.

4) Plaintiff Caleb Boland is a resident of the Town of Jefferson, County of Lincoln, State of Maine.

1

5) Plaintiff is the personal representative of the Estate of Micah Boland, a former inmate at the Maine State Prison in Warren, Maine ("MSP").

6) At all material times, Defendant Rodney Bouffard was the Warden of the MSP.

7) At all material times, Defendant Michael Tausek was the Deputy Warden of the MSP.

8) At all material times, Defendants Bouffard and Tausek were acting under color of statute, ordinance, regulation, custom, or usage of the State of Maine.

9) This complaint is brought against Defendants in their individual capacities.

## STATEMENT OF FACTS

10) At the time of his death on February 28, 2014, Micah Boland was an inmate at the MSP.

11) At the time, Micah was serving a sentence following a conviction in 2008 for Class A Gross Sexual Assault under 17-A M.R.S. § 253(1)(C).

12) On February 28, 2014, while at the MSP, Micah was brutally murdered by another inmate, Richard Allen Stahursky.

13) Stahursky murdered Micah because he had been convicted of a crime involving a child sex offense.

14) The murder occurred in Micah's cell in the B-pod section of the MSP.

15) Stahursky murdered Micah by entering Micah's cell, closing the door, binding him, beating him repeatedly, and stabbing him 87 times with two handmade knives known as "shanks."

16) At the time of the murder, both Stahursky and Micah were housed in the B-pod at the MSP.

17) The B-pod was known as the "honor pod" where inmates without a history of misconduct were housed.

18) Guards in the B-pod were known to leave inmates unsupervised for long periods of time.

19) Inmates in the B-pod were given greater autonomy than inmates in other sections of the MSP and were permitted to enter other inmates' cells freely and without supervision.

20) Prior to murdering Micah, Stahursky had a widely known history of extreme violence toward other inmates and guards at the MSP, including, but not limited to, assaulting a guard and two separate stabbings of inmates with shanks.

21) Prior to murdering Micah, Stahursky was widely known within the MSP to hate anyone convicted of a child sex offense.

22) On January 13, 2013, Stahursky was assigned to administrative segregation for possessing a shank.

23) On January 16, 2013, when asked by a corrections officer what he had planned to do with the shank, Stahursky stated that he planned to kill other inmates with it.

24) Stahursky told the corrections officer that, if he ever got out of segregation, he would also kill the two inmates who had reported him.

25) Based on information and belief, the corrections officer shared this information with Warden Bouffard and Deputy Warden Tausek.

26) On February 20, 2013, while he was in segregation, another steel shank was found in his mattress.

27) Shortly thereafter, Warden Bouffard and Deputy Warden Tausek asked Stahursky whether he could assure them that he would not stab anyone if they let him out of segregation and into the general MSP population. Stahursky stated that he could not do so because they knew how he felt about child sex offenders. Defendants Bouffard and Tausek thanked Stahursky for his honesty.

28) On August 14, 2013, Defendants Bouffard and Tausek assigned Stahursky to the B-pod.

29) On February 28, 2014, Micah had also been assigned to the B-pod.

30) Prior to and after being assigned to the B-pod, Stahursky talked all the time about how he hated child sex offenders.

31) Defendants Bouffard and Tausek knew that Stahursky hated child sex offenders when they assigned him to the B-pod.

32) Based on information and belief, Defendants Bouffard and Tausek knew that Micah and Stahursky were both housed in the B-pod, and they knew that Micah had been convicted of a child sex offense.

33) Based on information and belief, Defendants Bouffard and Tausek knew that several other inmates in the B-pod had also been convicted of child sex offenses.

34) Defendants Bouffard and Tausek knew about Stahursky's violent history within the MSP when they assigned him to the B-pod.

35) By assigning Stahursky and Micah to be housed together in the B pod, Defendants Bouffard and Tausek knew they were creating a substantial risk of serious harm to Micah.

36) Micah was incarcerated under conditions imposing a substantial risk of serious harm.

37) Defendants Bouffard and Tausek were deliberately indifferent to Micah's safety in that they exposed him to a substantial risk of serious harm and failed to take reasonable measures to avoid it.

38) Defendants knew that Micah had an Eighth Amendment right not to be treated as he was treated, which right were clearly established.

39) Defendants acted intentionally, with malice, and with deliberate indifference to Micah's constitutional rights.

40) As a direct and proximate result of Defendants' unlawful conduct, Micah suffered extreme torture and pain and suffering.

41) As a direct and proximate result of Defendants' unlawful conduct, Micah was murdered.

## COUNT I:  EIGHTH AMENDMENT VIOLATION BY BOUFFARD
(Survival Claim, 18-A M.R.S. § 3-817)

42) Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

43) Defendant Bouffard violated the Eighth Amendment's proscription of cruel and unusual punishment.

44) As a result, Micah Boland suffered extreme torture and pain and suffering.

## COUNT II:  EIGHTH AMENDMENT VIOLATION BY BOUFFARD
(Wrongful Death Claim, 18-A M.R.S. § 2-804)

45) Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

46) Defendant Bouffard violated the Eighth Amendment's proscription of cruel and unusual punishment, which violation caused Micah Boland's death.

47) Micah's death ensued following a period of conscious suffering.

48) As a direct and proximate result of Defendant Bouffard's unlawful conduct, Micah's heirs suffered pecuniary losses; loss of comfort, society, and companionship of him; and emotional distress.

### COUNT III:  EIGHTH AMENDMENT VIOLATION BY TAUSEK
(Survival Claim, 18-A M.R.S. § 3-817)

49) Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

50) Defendant Tausek violated the Eighth Amendment's proscription of cruel and unusual punishment.

51) As a result, Micah Boland suffered extreme torture and pain and suffering.

### COUNT IV:  EIGHTH AMENDMENT VIOLATION BY TAUSEK
(Wrongful Death Claim, 18-A M.R.S. § 2-804)

52) Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

53) Defendant Tausek violated the Eighth Amendment's proscription of cruel and unusual punishment, which violation caused Micah Boland's death.

54) Boland's death ensued following a period of conscious suffering.

55) As a direct and proximate result of Defendant Tausek's unlawful conduct, Micaah's heirs suffered pecuniary losses; loss of comfort, society, and companionship of him; and emotional distress.

## DEMAND FOR JURY TRIAL

63. Plaintiff demands a trial by jury on all matters to which Plaintiff has a right to trial by jury.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully request that this Court grant the following relief:

(a) Enter Judgment in Plaintiff's favor;

(b) Declare the conduct engaged in by the Defendants to be in violation of Micah Boland's rights and those of his heirs;

(c) Award Micah Boland's estate compensatory damages for Micah's pain and suffering in an amount to be determined at the trial of this matter;

(d) Award Micah Boland's estate nominal damages;

(e) Award Micah Boland's estate punitive damages in an amount to be determined at the trial of this matter;

(f) Award Micah Boland's heirs damages for their pecuniary losses in an amount to be determined at the trial of this matter;

(g) Award Micah Boland's heirs compensatory damages in an amount to be determined at the trial of this matter for loss of comfort, society and companionship of Micah, including damages for emotional distress;

(h) Award Micah Boland's heirs nominal damages;

(i) Award Micah Boland's heirs punitive damages in an amount to be determined at the trial of this matter;

(j) Award attorneys' fees and costs;

  (k)  Award prejudgment interest; and

  (l)  Grant such other and further relief as may be just and proper.

Dated: February 29, 2016  /s/ John P. Gause

               John P. Gause, Esq., Bar No. 8192
               Eastern Maine Law, LLC
               77 Exchange Street, Suite 300
               Bangor, ME 04401
               (207) 947-5100
               jgause@easternmainelaw.com

               ATTORNEY FOR PLAINTIFF