UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CALEB BOLAND, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 16-111-JDL |
| | ) |
| RODNEY BOUFFARD, et al., | ) |
| | ) |
| Defendants | ) |

AMENDED ANSWER

The defendants, through their counsel, hereby answer the numbered paragraphs of the plaintiff's complaint as follows.

1. This paragraph is a legal conclusion and, therefore, requires no responsive pleading.

2. This paragraph is a statement of jurisdiction and, therefore, requires no responsive pleading.

3. This paragraph is a statement of venue and, therefore, requires no responsive pleading.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to Caleb Boland, but admit the allegations as to Micah Boland.

6. The defendants admit the allegations in this paragraph.

7. The defendants admit the allegations in this paragraph, but state that defendant Tausek was only one of the Deputy Wardens.

8. This paragraph is a legal conclusion and, therefore, requires no responsive pleading.

9. This paragraph is a description of the action and, therefore, requires no responsive pleading.

10. The defendants admit the allegations in this paragraph.

11. The defendants admit the allegations in this paragraph.

12. The defendants admit that Stahursky murdered the decedent when and where alleged. To the extent the paragraph includes characterization (i.e., "brutal"), no responsive pleading is required.

13. The defendants deny the allegations in this paragraph.

14. The defendants admit the allegations in this paragraph, but state that it was Close B-Pod.

15. The defendants are without knowledge or information sufficient to form a belief as to how many times Stahursky hit the decedent or whether he used both "shanks" or just one of them to stab the decedent; admit that Stahursky entered the decedent's cell and closed the door and that the decedent's hands were bound; but deny that the decedent was stabbed 87 times. To the extent the paragraph includes characterization (i.e., "beating"), no responsive pleading is required.

16. The defendants admit the allegations in this paragraph, but state that it was Close B-Pod.

17. The defendants deny the allegations in this paragraph.

18. The defendants are without knowledge or information sufficient to form a belief as to what the plaintiff is referring to, but deny any implication that the pod was unsupervised at the time of the murder.

19. The defendants deny the allegations in this paragraph.

20. The defendants admit that Stahursky had assaulted a guard and two inmates on separate occasions, but deny the other allegations in this paragraph.

21. The defendants deny the allegations in this paragraph.

22. The defendants admit that Stahursky was placed in the Special Management Unit on the date and for the reason stated, but deny the other allegations in this paragraph.

23. The defendants admit the allegations in this paragraph, except as to the date, which is denied.

24. The defendants deny the allegations in this paragraph.

25. The defendants deny the allegations in this paragraph.

26. The defendants admit the allegations in this paragraph, except that they are without knowledge or information sufficient to form a belief as to what the plaintiff means by "another."

27. The defendants deny the allegations in this paragraph.

28. The defendants deny the allegations in this paragraph.

29. The defendants admit that on this date the decedent was housed in the Close B-Pod, but deny that that was the day he was assigned there.

30. The defendants deny the allegations in this paragraph.

31. The defendants deny the allegations in this paragraph.

32. The defendants deny the allegations in this paragraph.

33. The defendants admit that they generally knew there were child sex offenders in every housing unit at the Prison, but deny the other allegations in this paragraph.

34. The defendants deny the allegations in this paragraph.

35. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

36. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

37. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

38. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

39. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

40. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

41. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

42. The defendants repeat their responses to the above allegations as if fully set forth herein.

43. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

44. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

45. The defendants repeat their responses to the above allegations as if fully set forth herein.

46. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

47. The defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

48. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

49. The defendants repeat their responses to the above allegations as if fully set forth herein.

50. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

51. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

52. The defendants repeat their responses to the above allegations as if fully set forth herein.

53. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

54. The defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

55. The defendants deny the factual allegations in this paragraph; the legal conclusions require no responsive pleading.

There are no paragraphs 56 to 62.

63. This paragraph is a jury demand and, therefore, requires no responsive pleading.

The unnumbered paragraphs in the plaintiff's complaint consist of demands for relief and, therefore, require no responsive pleading.

To the extent that there are any allegations that require response and to which the defendants have yet to respond, those allegations are denied.

Further answering, the defendants offer the following defenses:

1. The defendants did not violate any constitutional right of the decedent.

2. They plaintiff's claims are barred by the doctrine of qualified immunity.

3. Any harm to the decedent was caused by or contributed to by the fault of a third person.

4. The plaintiff fails generally to state a claim upon which relief may be granted.

Dated: May 3, 2016

/s/ Diane Sleek
DIANE SLEEK, AAG
Office of Attorney General
Six State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed this paper with the court using the ECF system, which will send notice of filing to John Gause, Esq., Eastern Maine Law, LLC, 77 Exchange St., Suite 300, Bangor, ME 04401.

Dated: May 3, 2016

/s/ Diane E. Sleek
DIANE E. SLEEK, AAG